Amalia Burgos de Molina, etc., Plaintiff and Appellant, v. Sobrinos de Villamil, Defendant and Appellee.

No. 4728. Argued April 30, 1929.—Decided May 31, 1930.

*José C. Jusino* for appellant. *Heriberto Torres Solá* for appellee.

Mr. Justice Aldrey delivered the opinion of the Court.

In support of its judgment in the present case, the lower court states in its opinion the following:

"It has been shown by the evidence that the defendant Sobrinos de Villamil owns a grocery store located in Río Piedras; that in connection with its business it operates, among other vehicles, a Ford truck, No. 296, the regular driver of which is Manuel Villar Alonso, a duly authorized chauffeur, and on which Pablo Martínez works as a helper (*peón*), for the delivery of merchandise to the home of pur-chasers; that at 9 a. m. on May 21, 1925, the defendant's truck, driven by chauffeur Manuel Villar Alonso, and while the said Pablo Martínez acted as such helper, left the store for the purpose of making such deliveries; that the said chauffeur stopped the truck at the house of one Vallejo to make a collection and, as he overstayed somewhat, the helper Pablo Martínez, who was not authorized to drive any motor vehicle, took the steering-wheel and, for the purpose of deliver-ing a package, drove along the 'Padres Capuchinos' street in the ward of 'Buen Consejo', Río Piedras, where there is a public school; that the school children were out on the street at the time during a recess, it being 10:30 o'clock in the morning; that the truck stopped in front of the school and the children climbed on the steps of the vehicle and the said helper or driver ordered them to get off; that thereafter the truck started again and the children again climbed on, and among them Carlos Ramón Molina Burgos, who fell off said vehicle and sustained several bruises on his body."

The court goes on to state that in the complaint it is al-leged that the above-mentioned child stood on the left foot-

board of the vehicle near the driver, who started the truck without giving the child time to step down; that the latter begged the driver to stop the vehicle in order to get off, but the driver put on speed instead, and the child fell off; while in the answer it is averred that the child had climbed on the rear of the said vehicle without the driver being able to notice it because from his seat he could not see the place where the child sat, and that when the truck started to move the child fell to the ground. That conflict was also evident in the proof and was adjusted by the court in favor of the plaintiff. Notwithstanding such finding, the district court gave judgment in favor of the defendant because the evidence for the latter showed beyond a reasonable doubt that Pablo Martínez was not authorized to drive the defendant's truck and that the defendant employed the chauffeur Manuel Villar Alonso expressly for that purpose, there being no showing that on other occasions the helper had driven the truck. On the contrary, as testified by the chauffeur, the latter did not allow the helper to drive the vehicle because he was not licensed therefor, and because the manager of the defendant's establishment had expressly prohibited that the truck should be operated by any other person than the said chauffeur.

In support of her appeal from that judgment, the plaintiff urges that the lower court erred in weighing the evidence, and that the judgment is contrary to law. The only thing she adduces to sustain her assignment of error in regard to the weighing of the evidence is that some of the witnesses stated that Pablo Martínez had driven the said truck on other occasions; but this has no importance in the present case, because, even if the facts were so (and the evidence was conflicting on this point), the fundamental question for the purposes of the judgment under review is whether or not it was proved that among the duties of the employment of Pablo Martínez was the driving of the vehicle, and that the defendant had expressly prohibited that the truck should be

operated by any person other than the chauffeur Manuel Villar Alonso. This conclusion has not been attacked by the appellant.

The other objection, to the effect that the judgment is contrary to law, is based by the appellant on the ground that section 1804 of the Civil Code applies in this case.

Section 803 of the Civil Code provides that any person who by an act or omission causes damage to another by his fault or negligence shall be liable for the damage so done; and section 1804 prescribes that the obligation imposed by the next preceding article is enforcible not only for personal acts and omissions, but also for those of persons for whom another is responsible, and, after giving two instances of liability of certain persons for the acts of another, it says that the owners or directors of any establishment or business are, in the same way, liable for any damages caused by their employees, while engaged in the branch of the service in which employed, or on occasion of the performance of their duties. A judgment of recovery could not be based in this case on such provision and predicated upon the fact that Pablo Martínez was driving the truck at the time of the accident, because while so doing he was not acting on occasion of the performance of his duties nor engaged in the branch of the service in which employed, since, as the evidence showed, his employment was confined to accompanying the truck to deliver packages and not for the purpose of driving it, which was prohibited to any person other than the chauffeur Manuel Villar Alonso. Where a servant deviates from his duties and in the performance of other acts he causes damage to another, his master is not liable, as we have held in *Marrero* v. *López*, 15 P.R.R. 746; *Vélez* v. *Llavina*, 18 P.R.R. 634; *Martínez* v. *Trujillo & Mercado*, 24 P.R.R. 271; *Colón* v. *Pérez*, 27 P.R.R. 685 and *Torres* v. *J. Lema & Co.*, 36 P.R.R. 72.

The judgment appealed from must be affirmed.

Mr. Justice Texidor took no part in the decision of this case.